UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Melissa Douglas, as Personal Representative
of the Estate of Michael Douglas, deceased,

    Plaintiff,

v.                                            Case No. 14-11482

Pere Marquette Shipping Company,        Sean F. Cox
                                                  United States District Court Judge

    Defendant.

_____/

## OPINION & ORDER

This is a wrongful death action, filed under the Jones Act, 46 U.S.C. § 30104 and general maritime law. Plaintiff Melissa Douglas, as Personal Representative of the Estate of Michael Douglas, deceased ("Plaintiff") filed the action against Defendant Pere Marquette Shipping Company ("Defendant") on April 11, 2014.

On April 29, 2015, Plaintiff filed a "Motion For Summary Judgment On The Issue Of Whether Or Not The ATB Undaunted/Pere Marquette 41 Is An Integrated Tug Barge." (Docket Entry No. 10). The motion has been fully briefed by the parties. The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument.

As explained below, very little effort went into Plaintiff's motion and it does not establish that the ruling as a matter of law sought by Plaintiff is warranted or appropriate. Moreover, Defendant's request that the Court make rulings favorable to it, or preclude certain

1

evidence, is inappropriate because Defendant has not filed a motion seeking relief from the Court. Rather, Defendant improperly seeks relief in responding to Plaintiff's motion.

Accordingly, the Court shall deny the motion without prejudice.

## BACKGROUND

Plaintiff filed this action against Defendant on April 11, 2014. Plaintiff's complaint alleges, in its entirety[1]:

> NOW COMES Plaintiff, by and through counsel undersigned, O'BRYAN BAUN KARAMANIAN, complaining against Defendant as follows:
>
> 1. Jurisdiction and venue lie in this action, Defendant conducting business within this forum's boundaries.
>
> 2. Federal question original and subject matter jurisdiction for wrongful death is founded under the Jones Act (46 USCA 30104) for negligence, and under the General Maritime Law for unseaworthiness, maintenance and cure.
>
> 3. Plaintiff is the duly appointed personal representative of the Estate of Michael Douglas, Deceased.
>
> 4. On or about November 3, 2012, decedent was peremptorily ordered to engage in work activities involving the maintenance and/or operation of a certain conveyor system of which Defendant was well aware said conveyor being unsuitable in the premises for the activities being undertaken when as a result of said failure to provide a safe place to work and seaworthy vessel decedent met his demise.
>
> 5. All acts and/or omissions occasioned in the premises articulated above were recklessly undertaken with callout disregard for decedent's safety thereby entitling his estate to punitive damages.
>
> 6. Defendant's wrongful acts aforesaid caused or contributed to the Estate's damages, including, but not limited to:

---

[1] Plaintiff also filed a jury demand.

    a.  Pain and suffering prior to death;
    b.  Loss of earnings and earning capacity and support and inheritance and guidance;
    c.  Loss of society and companionship for the unseaworthy condition.

  WHEREFORE, Plaintiff demands trial by jury and judgment against Defendant, together with interest, costs, attorney fees and expenses, all to be methodically adjusted upwards during the pendency of this cause.

(Pl.'s Compl.).

  Defendant filed an Answer and Affirmative Defenses, along with a counterclaim. Defendant "counterclaims this Honorable Court for Exoneration From or Limitation of Liability." (Docket Entry No. 4). Defendant's Counterclaim states that Defendant is the "owner and operator or the ATB UNDAUNTED/PERE MARQUETTE 41" and that the "ATB UNDAUNTED/PERE MARQUETTE 41 is an integrated Tug/Barge system with the TUG UNDAUNTED, 569 GRT (Gross Registered Tons), 143'x38'x18' and PERE MARQUETTE 31 – 3,413 GRT, 403'x58'x23.5' engaged in the transportation of various bulk materials between ports on the Great Lakes." (*Id.* at Pg ID at 20-21).

  The Court issued the Scheduling Order in this matter on August 26, 2014. (Docket Entry No. 8). This Court's Scheduling Order specifically instructs counsel to "SEE ATTACHED PRACTICE GUIDELINES BEFORE FILING ANY MOTION." (*Id*. at 1). This Court's practice guidelines for summary judgment motions are set forth on pages two and three of the Scheduling Order.

  On April 29, 2015, Plaintiff filed a "Motion For Summary Judgment On The Issue Of Whether Or Not The ATB Undaunted/Pere Marquette 41 Is An Integrated Tug Barge." (Docket Entry No. 10). Plaintiff's motion *does not comply with this Court's practice guidelines.*

**ANALYSIS**

3

Plaintiff's motion, which consists of three paragraphs, asserts that the decedent "lost his life on Defendant's barge the PERE MARQUETTE 41, and served as a crewmember aboard Defendant's tug the ATB UNDAUTED." (Def.'s Motion at ¶ 1). Defendant's motion asserts that the "issue of whether or not the ATB UNDAUNTED/PERE MARQUETTE 41 is considered to be a[n] Integrated Tub Barge is relevant to whether or not OSHA and/or Coast Guard regulations apply." (*Id.* at ¶ 2). Plaintiff does not tell the Court what OSHA or Coast Guard regulations are at issue in the case. Plaintiff's motion states that "Defendant's Response to Request for Admissions *demonstrate unequivocally that it is not an Integrated Tug Barge* and Plaintiff seeks summary judgment with regard thereto." (*Id.* at ¶ 3) (emphasis added).

Plaintiff's supporting brief is a page and a half and the majority of that is Plaintiff quoting Defendant's discovery response. Defendant's discovery response is the only exhibit that Plaintiff filed in support of its Motion for Summary Judgment.[2]

Notably, Defendant's discovery response first objects to the request for admission, and then "admits only that there is no UGCG Certificate of Inspection for the ATB UNDAUNTED/PERE MARQUETTE 41, but denies that the existence of such a certificate is relevant or controlling because the ATB UNDAUNTED/PERE MARQUETTE 41 is an inspected vessel pursuant to the Coast Guard and Maritime Transportation Act of 2004, 46 USC §3301. The USCG can conduct inspections at any time, at its demand, and has done so with the

---

[2]Plaintiff did, improperly, submit additional exhibits to Plaintiff's Reply Brief and made additional arguments in her Reply Brief. It is well established that arguments first raised in a reply brief are not properly before the court. *Gantz v. Wayne Cnty. Sheriff's Office*, 513 F. App'x 478, 482 n.4 (6th Cir. 2013). In addition, after the briefing permitted by Local Rule 7.1 had concluded, and on the eve of the hearing that had been scheduled, Plaintiff filed an additional brief without seeking leave to do so and attached additional exhibits. The Court struck that unauthorized filing via a text-only order.

ATB UNDAUNTED/PERE MARQUETTE 41 previously. Defendant Pere MARQUETTE denies that the PERE MARQUETTE is not part of an integrated tub barge combination."

After citing Defendant's discovery response, Plaintiff's brief then states, without any further explanation, as its argument that it believes warrants this Court making a ruling as a matter of law:

> "[T]he Coast Guard has indicated that an Integrated Tug-Barge Combination must be designated as such on the Certificate of Inspection issued by the Coast Guard." *Horton v. Andrie, Inc.*, 402 [sic][3] F.Supp.2d 477, 481 (W.D. Mich. 2005).
> Defendant having admitted that there is no Certificate of Inspection designating the ATB UNDAUNTED/PERE MARQUETTE 41 as an Integrated Tug-Barge Combination, Plaintiff is entitled to Summary Judgment on that issue, with the court ruling as a matter of law that it is not.

(Pl.'s Br. at 2).

Fed. R. Civ. P. 56 provides that a "party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added).

Plaintiff's motion appears to want this Court to rule, as a matter of law, that the vessel at issue is not considered to be an Integrated Tug Barge. And it asks the Court to so rule based upon: 1) Defendant's discovery response; and 2) a *non-binding*, ten-year old decision out of the Western District of Michigan, that simply stated "the Coast Guard has indicated that an Integrated Tug-Barge Combination must be designated as such on the Certificate of Inspection

---

[3]The correct citation to the case is *Horton v. Andrie, Inc.*, 408 F.Supp.2d 477 (W.D. Mich. 2005).

5

issued by the Coast Guard. (Coast Guard Navigation & Inspection Circular No. 2-81, Change 1 § 4d)."

Even if Defendant had failed to file any response to the motion filed by Plaintiff, this Court would deny this motion. Defendant's discovery response merely admitted that "there is no UGCG Certificate of Inspection for the ATB UNDAUNTED/PERE MARQUETTE 41" and then denied that the existence of such a certificate is relevant or controlling. Plaintiff's motion does not establish that a ruling as a matter of law, with respect to the issue of whether the vessel at issue is considered to be an Integrated Tug Barge, is warranted or appropriate.

Finally, the Court notes that Defendant's brief not only asks the Court to deny the motion, but also asks the Court to "Order that Plaintiff is forbidden from introducing into evidence any OSHA rule or regulation in this case." But Defendant has not filed a motion seeking such relief and it is improper to ask the Court to make affirmative rulings in a response brief opposing a motion for summary judgment.

Accordingly, no rulings by this Court are appropriate at this time. If either party wishes the Court to make a ruling on this issue they must file a *properly supported* motion, that *fully comports with all applicable rules and this Court's practice guidelines*.

## CONCLUSION & ORDER

For these reasons, IT IS ORDERED that Plaintiff's Motion for Summary Judgment is DENIED WITHOUT PREJUDICE.



IT IS SO ORDERED.

6

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated:  September 2, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 2, 2015, by electronic and/or ordinary mail.

        S/Jennifer McCoy
        Case Manager